## SANDERS *v.* MERCHANTS' BANK.

**Bills and Notes—Inland and Foreign Bills of Exchange.**

A clause contained in the charter of a savings bank: "This corporation shall have the rights and privileges of the chartered savings institution of the State," does not confer upon the bank the power of buying and dealing in inland bills of exchange and promissory notes, nor place them upon the footing of foreign bills of exchange.

APPEAL FROM JEFFERSON CIRCUIT COURT.

April 29, 1874.

OPINION BY JUDGE COFER:

If the bill sued upon in this case be regarded as a mere inland, and not a foreign bill of exchange the evidence disclosed in the record seems to us to be manifestly insufficient to show that the appellant had due and proper notice as drawee and endorsee, of the presentment and non-payment of the bill by West. The notarial

certificate of protest was no evidence of the dishonor of the bill, treating it as an inland and not a foreign bill, according to principles now well settled.   But the essential question to be determined is "whether the bill should be considered as standing upon the footing of a foreign bill of exchange."   The bill being drawn, made payable, and negotiated, in the city of Louisville, Kentucky, must of course be treated as an inland bill, unless the act of negotiating it on the Merchants' Bank had the effect of placing it upon the footing of a foreign bill of exchange.

To determine whether this be so or not, we must look to the law conferring authority on the Merchants' Bank, if it had any, to deal in bills of exchange.   It appears that the Merchants' Bank is the same institution which was incorporated in the city of Louisville, in the year 1851, under the name of the Kentucky Savings Bank, the name being afterwards changed to that of the Merchants' Bank, and we are aware of no authority in that corporation to so deal in inland bills of exchange and promissory notes as to impart to them the legal effect of foreign bills of exchange, unless such authority can be deduced from the charter of 1851.   A careful examination of that charter satisfies us that no such authority was conferred by it, unless it be by the following clause of Sec. 4 of said charter:

"This corporation shall have the rights and privileges of the chartered savings institutions of the state."

It is contended for the appellee that this provision of the charter extends to, and adopts the provisions of the charters of the various ·savings banks of this commonwealth, the charter of which confer on them the privilege of buying and dealing in inland bills of exchange and promissory notes, and thereby placing them upon the footing of foreign bills of exchange.

But we think otherwise.   To give to the charter the construction contended for would almost inevitably lead to inextricable confusion in determining what were the privileges and rights of the corporation, for in the charters of many of the banks supposed to be referred to, the banking privileges and restrictions therein provided are not only inconsistent, but conflicting and repellent of each other.

We can not think that the reference in the charter of the Kentucky Savings Bank, to the rights and privileges of other savings banks in the state, without the use of any explicit language to that effect, conferred this power, which is one of the most important banking privileges enjoyed by any of the banks of this state, and

that, too, in derogation of the privileges and rights, permitted to private citizens and brokers operating as bankers.

It results that, in our opinion, the judgment is erroneous, and the same is therefore reversed and the cause remanded for a new trial on principles not inconsistent with this opinion.

*Sanders, Harlen, Muir & Bijou, for appellant.*

*Barrett & Roberts, for appellee.*